**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Janice J. Foster and Michael J. Andrews,<br><br>Plaintiffs,<br>v.<br><br>ProCollect, Inc.,<br><br>Defendants. | Civil Action No.: ______<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Janice J. Foster and Michael J. Andrews, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Michael J. Andrews ("Michael" or "son") (collectively with Janice "Plaintiffs"), is an adult individual residing in Midwest City, OK, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ProCollect, Inc. ("ProCollect"), is a Texas 7524 business entity with an address of 12170 N. Abrams Rd., Suite 100, Dallas, Texas 7524, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). ProCollect at all times acted by and through one or more of the individual collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff Michael Andrews allegedly incurred a financial obligation in the approximate amount of $5,577.00 (the "Debt") to Collin Park Apartments (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Engages in Harassment and Abusive Tactics

10. Michael allegedly owed a debt to the Collin Park Apartments that dates back to 2004. Defendant began calling trying to collect the debt from Michael. Janice contacted Defendant as she has a power of attorney for Michael, her son.

11. Defendant threatened Janice that she had 48 hours to pay this bill.

12. Defendant threatened to bring a lawsuit against Plaintiffs. However, the debt is past the Statute of Limitations. To date, no lawsuit has been served on Plaintiffs.

13. Defendant e-mailed itemization of the charges and letter of intent to settle to Plaintiffs. However, the e-mail is unreadable.

14. Defendant was "abrasive", rude, and nasty when speaking with Plaintiffs.

15. Defendant used profanity when speaking with Janice.

16. Defendant is seeking to collect more than the original debt by adding collection fees and interest.

17. Defendant has failed to send Plaintiffs any correspondence informing Plaintiffs of their rights to dispute the debt and request validation of the debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from anger, anxiety, emotional distress, fear, and frustration.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the Plaintiffs.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

35. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

39. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

40. The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

41. The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

42. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

43. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

46. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with threatening calls.

47. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

49. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

51. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

52. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

53. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 9, 2010

Respectfully submitted,
By: __/s/ Diana P. Larson_________

Diana P. Larson
Texas Bar No. 24007799
The Larson Law Office, PLLC
14785 Preston Road, Suite 550
Dallas, Texas 75154
Telephone: (877) 775-3666 x.108
Facsimile: (877) 795-3666
Email: diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
ATTORNEYS FOR PLAINTIFF